IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL LEE WILLIS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 04-CV-521-JHP-SAJ |
| ) | |
| ERIC R. FRANKLIN, Warden; and ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## **OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Manuel Lee Willis, Jr. ("Willis"). Willis challenges his conviction entered in Tulsa County District Court, Case No. CF-2002-1648. Respondent Franklin filed a response (Dkt. # 6) to the petition, and provided the state court records (Dkt. #s 6 and 7) for the Court's consideration in resolving Willis's claims. Willis filed a reply (Dkt. # 8) to Respondent's response. For the reasons discussed below, the Court finds the petition for a writ of habeas corpus shall be denied.

As a preliminary matter, the Court notes that in response to the petition, see Dkt. # 6, Respondent Sirmons asserts that the State of Oklahoma is not a proper party. The Court agrees and finds that the State of Oklahoma shall be dismissed as a party Respondent.

### *BACKGROUND*

On February 22, 2002, Tulsa Police Officers Withem, Castleberry, and Lawless went to the Relax Inn, a hotel located at 6733 East Admiral Place, in Tulsa, Oklahoma, to check the guest registry for individuals with outstanding warrants. While at the front desk, the clerk received a call complaining of loud music coming from room number 107. The clerk asked the officers to go to

room number 107 to get the occupants to turn down the music. A man later identified as Willis answered the officers' knock. The officers smelled the odor of burning marijuana in the room. They asked Willis and the other four (4) occupants to sit down and provide identification. Willis sat on the bed next to a bedside table. Officer Withem looked inside an open drawer of the bedside table and observed a tannish colored rock, a crack pipe, and a razor blade. When Willis saw Officer Withem look in the drawer, he kicked the drawer shut. Officer Withem reopened the drawer and found two (2) bigger rocks he believed to be crack cocaine. Another officer located a burning marijuana cigarette in the room. After Willis was arrested, a key to room number 107 was found in his pocket. The officers also recovered $257 and plastic baggies from the room.

As a result of those events, Willis was charged in Tulsa County District Court, Case No. CF-2002-1648, with Trafficking in Illegal Drugs, After Former Conviction of a Felony (Count 1), Unlawful Possession of Marijuana (Count 2), and Unlawful Possession of Paraphernalia (Count 3). At the conclusion of his jury trial, Willis was found guilty of Counts 1 and 3, and not guilty of Count 2. On January 31, 2003, the trial court sentenced Willis in accordance with the jury's recommendation to twenty-nine (29) years imprisonment and a $25,000 fine on Count 1, and one (1) year imprisonment and a $1,000 fine on Count 3, with the sentences ordered to run concurrently. Willis was represented during trial proceedings by attorney Harold S. Miller.

Willis appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Katrina Conrad-Legler. He identified three (3) propositions of error as follows:

Proposition 1: The evidence was insufficient to convict Mr. Willis.

Proposition 2: The trial court erred when it did not instruct the jury on the crime of possession with the intent to distribute.

Proposition 3: Mr. Willis' sentences are excessive.

(Dkt. # 7, Ex. 3). In an unpublished summary opinion, filed September 16, 2003, in Case No. F-2002-1127, the OCCA denied Willis's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 7, Ex. 5. Willis did not seek post conviction relief in the state courts.

On June 25, 2004, Willis filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Willis seeks habeas corpus relief on three (3) grounds, as follows:

> Ground 1: The Oklahoma appellate court's review regarding sufficiency of evidence is inconsistent with the United States Constitution and relevant Supreme Court precedent. U.S. Const. Amends. VI, XIV; Okla. Const., Art II, § 7.
>
> Ground 2: Petitioner was denied due process and fundamental fairness based upon the trial court's abuse of discretion in failing to adequately instruct the jury on the salient features of the law actually raised by the evidence.
>
> Ground 3: Limiting attempt to restrict jury consideration of only admissible aspects of hearsay statement is insufficient to prevent violation of confrontation clause when inadmissible aspect of hearsay statement is devastating to defendant and declarant has recognized motivation to shift blame onto others. U.S.C.A. Const. Amend. VI.

(Dkt. # 1). In response to the petition, Respondent argues that Willis is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) on grounds 1 and 2. See Dkt. # 6. Respondent also asserts that ground 3 is procedurally barred.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Willis meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). On page 2 of his response, Respondent states that Willis has exhausted his state court remedies through his direct appeal. See Dkt. # 6 at 2. Respondent also makes the contradictory statement that

Petitioner has not presented ground 3 to the OCCA but asserts the claim would be procedurally barred if Willis were to return to state court to present the claim in an application for post-conviction relief. See id. at 23-24.

The Court disagrees with Respondent that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. Petitioner's ground 3 claim is unexhausted and he has an available remedy, an application for post-conviction relief. As a result, this action is subject to being dismissed without prejudice for failure to exhaust an available state remedy. This Court is authorized, however, to deny an unexhausted claim on the merits. See Spears v. Mullin, 343 F.3d 1215, 1234 (10th Cir. 2003) (stating that a court "may deny relief on the merits of a claim even if that claim has not been exhausted in state court" (citing 28 U.S.C. § 2254(b)(2))). As discussed in Part C, below, the Court finds Petitioner is not entitled to habeas corpus relief on his unexhausted claim because the claim lacks merit.

In addition, the Court finds that Willis is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

4

362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated Willis's grounds 1 and 2 on direct appeal. Therefore, those claims shall be reviewed pursuant to § 2254(d).

### 1.     *Sufficiency of the evidence (ground 1)*

As his first proposition of error, Willis challenges the sufficiency of the evidence supporting his convictions. Specifically, he complains that there was insufficient "circumstantial evidence" to find the required element of "possession." See Dkt. # 1 at 6. In resolving Willis's challenge to the sufficiency of the evidence on direct appeal, the OCCA cited Staples v. State, 528 P.2d 1131 (Okla. Crim. App. 1974), and Powell v. State, 995 P.2d 510 (Okla. Crim. App. 2000), and found that "[t]he evidence was sufficient to support the conviction." See Dkt. # 6, Ex. D at 2.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard,

Willis's claim in this case fails.

In examining Willis's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of trafficking in illegal drugs applicable to the sufficiency of the evidence standard. See, e.g., Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); see also Jackson, 443 U.S. at 324 n. 16. At the time of Willis's offense, Oklahoma law provided the elements of Trafficking in Illegal Drugs (cocaine base), as follows: that defendant (1) knowingly, (2) possessed, (3) 5 grams or more of cocaine base. Okla. Stat. tit. 63, § 2-415(C) (2000); see also OUJI-CR 6-13. Under Oklahoma law, direct evidence is not necessary to prove knowledge, possession, or control of the drugs. See Carolina v. State, 839 P.2d 663, 665 (Okla. Crim. App. 1992).

At Willis's trial, the State produced evidence demonstrating that on February 22, 2002,

police officers for the City of Tulsa went to room 107 of the Relax Inn to ask the occupants of the room to turn down the volume of music. See Dkt. # 7, Tr. Trans. at 167. When police officers knocked on the door of room 107, Willis opened the door. Id. at 168, 243. After smelling burning marijuana, the police entered the room to detain the occupants. Id. at 167-171. Officer Withem observed a tannish colored rock, a crack pipe, and a razor blade in plain view in the open drawer of a bedside table. Id. at 173. When Willis saw the police officer looking in the open drawer, he kicked the drawer shut. Id. at 173. Willis had a key to room 107 in his pocket. Id. at 177, 246. The material found in the drawer weighed 6.25 grams and later tested positive for crack cocaine. Id. at 237-38. After viewing that evidence in the light most favorable to the prosecution, the Court finds the jury properly could have found that Willis had the requisite knowledge and possession to support his conviction of Trafficking in Crack Cocaine. The Court concludes the evidence presented at Willis's trial was sufficient to sustain Willis's trafficking conviction. Therefore, Willis has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence for the trafficking conviction shall be denied.

### *2. Failure to submit lesser included offense instruction*

For his second proposition of error Petitioner claims that the trial court erred in failing to instruct the jury on the lesser included offense of Possession With Intent to Distribute. Respondent contends that the issue is one of state law and is not proper for federal habeas corpus review.

The Tenth Circuit Court of Appeals has held that the failure of a state court to instruct on a lesser included offense in a noncapital case never raises a federal constitutional question. Lujan v. Tansy, 2 F.3d 1031, 1036 (10th Cir. 1993). Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser

7

included offense instruction. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas relief shall be denied on Petitioner's claim that his constitutional rights were violated because the trial court failed to give jury instructions on a lesser included offense.

**C. Failure to provide limiting instruction on use of hearsay statement**

As his third proposition of error, Willis complains that the trial court erred in failing to give an appropriate limiting instruction concerning Officer Castleberry's incriminating testimony based on hearsay. As discussed above, this claim has never been presented to the state courts and is unexhausted. Nonetheless, the Court finds the claim shall be denied. See Spears, 343 F.3d at 1234; 28 U.S.C. § 2254(b)(2).

Willis argues that the trial court allowed incriminating hearsay to be admitted and he was denied his Sixth Amendment right to confront a witness against him. See Dkt. # 1. Willis complains that Officer Castleberry was allowed to testify that the desk clerk at the hotel described Willis as the person who rented room number 107, and the trial court failed to give an appropriate limiting instruction. Petitioner has provided Crawford v. Washington, 541 U.S. 36 (2004) (holding that Confrontation Clause restricts the admissibility of a hearsay statement only if the statement is testimonial), as supplemental authority supporting his argument. See Dkt. # 9.

The Sixth Amendment's Confrontation Clause guarantees a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the admission of testimonial hearsay against a defendant unless the declarant is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine the

declarant. Crawford v. Washington, 541 U.S. 36, 68 (2004). The Supreme Court in Crawford did not precisely define testimonial, but it indicated "that the term encompasses formal statements to government officers, including at least statements during police interrogation and prior testimony." United States v. Faulkner, 439 F.3d 1221, 1225 (10th Cir. 2006). The Tenth Circuit has held that "a statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime." United States v. Summers, 414 F.3d 1287, 1302 (10th Cir. 2005). A court should employ a multi-part inquiry to determine if the right to confrontation has been violated. Id. at 1299. The inquiry requires examination of (1) whether the challenged evidence is hearsay; (2) whether it is testimonial; and (3) if the evidence is testimonial hearsay, whether its introduction was harmless error. Id. at 1299-1303; see also United States v. Mendez, 514 F.3d 1035, 1043 (10th Cir. 2008).

In this case, the Court finds Petitioner is not entitled to habeas relief because he has not identified any specific hearsay statements introduced by the prosecution at trial allegedly violating his confrontation rights. Although Petitioner does complain of the "incriminating" testimony of Officer Castleberry, the Court has been unable to identify any hearsay evidence admitted through Officer Castleberry's testimony. The trial transcript reflects that prior to calling Officer Castleberry as a witness and outside the presence of the jury, the trial court judge and the attorneys discussed the anticipated testimony and the potential hearsay issues. See Dkt. # 7, Tr. Trans. Vol. I at 210-214. The prosecutor indicated that she did not plan to elicit what the desk clerk told Officer Castleberry, but that she did plan to elicit a description of the actions taken by Officer Castleberry. Id. at 210-11. She further stated that the anticipated testimony would be offered only as an explanation for why the officers did what they did. Id. at 212. At the conclusion of the bench conference, counsel for

Petitioner stated that "[w]e will make the objection at the time of the testimony." Id. at 214. Proceedings before the jury resumed and Officer Castleberry was called as a witness for the State. Id. at 215. Officer Castleberry testified on direct examination by the prosecutor as follows:

> Q	Sir, did you ever make an attempt to determine who it was that rented the room?
>
> A	Yes, I did.
>
> Q	And how did you make that attempt?
>
> > Mr. Miller:	We would object, Your Honor. I think that question calls for an answer that is hearsay.
> >
> > The Court:	No, it doesn't. Not yet. Overruled.
> > What did you do, not what did you say or hear. What did you do?
> >
> > The Witness:	I walked back to the front desk and contacted the clerk that was working at the front desk.
>
> Q (By Ms. Doud)	Did you ask to see the registry for that room, sir?
>
> A	Yes, I did.
>
> Q	And what did you discover from the registry, sir?
>
> A	I discovered a name and a driver's license number on that card.
>
> Q	Did you do anything with that information, sir?
>
> A	I just copied that information down, that – who it was supposed to be registered to room 107.
>
> Q	And did you give that information to anyone, sir?
>
> A	I gave that to Officer Withem.
>
> Q	Did you also make contact with the clerk at the hotel, sir?
>
> A	Yes, I did.
>
> Q	Did you ask him if he recalled the individual that rented the room?

A I asked him to describe the individual that rented the room [sic] to room 107.

Q Did he recall what that individual looked like?

A Yes, he did.

  Mr. Miller: I am going to object, Your honor. We are getting real close to hearsay and this – I think his answer is –

  The Court: Not yet. Overruled.

  Mr. Miller: He is getting –

  The Court: Overruled. Did you ask him to describe the clerk [sic]? Yes, no, I don't know?

  The Witness: I asked him to describe, yes.

  The Court: Next question.

Q (By Ms. Doud) Sir, with that information did you return to the room?

A Yes, I did.

Q And did you have an opportunity to observe the individuals in the room at that time?

A Yes, I did.

Q Sir, was anybody already in custody at that point?

A Yes.

Q Who was in custody, sir?

A Mr. Willis.

Q Did you take Mr. Willis down to have the manager look at him?

A No, I did not.

Q Is there a reason why you did not take him down to have the manager look at him?

A No, there is not.

> Q       Based upon the information – I am sorry. Did you know if the defendant had been searched at that time?
>
> A       I believe he had been searched.
>
> Q       Do you know if anything had been located on him?
>
> A       I don't recall.
>
> Q       Sir, based upon the information that you had received from the clerk and your observations of the individuals in the room, was there any question in your mind over who had rented the room?
>
> > Mr. Miller:    I am going to object, Your Honor. That –
> >
> > The Court:    Sustained. It's a compound question. You asked two parts. Rephrase the question.
> >
> > Ms. Doud:    Yes, sir.
>
> Q (By Ms. Doud)    Sir, based upon your observations in that room of the individuals located in it, did you have any question in your mind over who had rented the room?
>
> A       No.
>
> * * * * *
>
> Q       Based upon what you have testified to, did you request that any others in the room be arrested?
>
> A       Yes, I did.
>
> Q       And who was that?
>
> A       Mr. Willis.

See Dkt. # 7, Tr. Trans. Vol. I at 219-223. Nothing in the quoted exchange qualifies as hearsay. See Okla. Stat. tit. 12, § 2801 (defining hearsay). Officer Castleberry did not repeat what the desk clerk told him concerning either the description or the identity of the individual who rented the room. Instead, he merely described the actions he took to find out who had rented the room and the results

of his efforts. Defense counsel proceeded to cross-examine Officer Castleberry. Thus, Petitioner was allowed to confront Officer Castleberry, the witness against him. There was no violation of the Sixth Amendment and no need for a limiting instruction. Even assuming there is some merit to Willis's confrontation clause argument, the evidence presented against Willis at trial was sufficient to render the violation harmless. See Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005) (citing Brecht v. Abrahamson, 507 U.S. 619, 623 (1993), and noting that "in a habeas proceeding, any trial errors will be deemed harmless unless they have a substantial and injurious effect or influence in determining the verdict"). Habeas corpus relief on this claim should be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Willis has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The State of Oklahoma is not a proper party and is **dismissed** as a party Respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment shall be entered in this matter.

DATED THIS 26th day of September 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma